USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/18/2020_

**MEMORANDUM ENDORSEMENT**

Michael Holness, et al v. LG Chem LTD, et al

17-cv-7726 (NSR)

On November 5, 2020, Defendant EC Supply, Inc. filed a motion for summary judgment. (ECF No. 182.) Later that day, Plaintiffs Janee Holness and Michael Holness filed a motion to strike the motion for summary judgment on the grounds that Defendant EC Supply, Inc. failed to follow this Court's pre-motion conference requirement. (ECF No. 183.) Plaintiffs further requested permission to file a motion against Third-Party Defendant Gigglesworld to strike its answer and for sanctions for various misrepresentations allegedly made throughout the discovery process. (*Id.*) Also on November 5, 2020, Defendant EC Supply, Inc. submitting a letter indicating that it had no objection to Plaintiffs' motion to strike and requesting a pre-motion conference. (ECF No. 184.)

On November 10, 2020, Plaintiffs replied to EC Supply, Inc.'s letter reiterating that the motion should be stricken, indicating that they have viable opposition to Defendant EC Supply's motion, and requesting permission to file a Rule 11 motion and a Rule 37 motion against Third-Party Defendant Gigglesworld. (ECF No. 186.)

Between November 11, 2020 and November 16, 2020 Third-Party Defendant Gigglesworld and Plaintiffs submitted correspondence to the Court regarding Gigglesworld's status in this litigation. Gigglesworld was brought into this litigation on July 16, 2018, when defendant LG Chem Ltd. filed a third-party complaint against Giggleworld. (ECF No. 49.) On July 7, 2019, defendant LG Chem Ltd. filed an amended third-party complaint adding EC Supply, Inc. as a third-party defendant. (ECF No. 77.) On August 27, 2019, Plaintiffs filed an Amended Complaint which named EC Supply, Inc. as a direct defendant. (ECF No. 85.) On September 4, 2019, EC Supply, Inc. filed an answer to the Amended Complaint, asserting a crossclaim against all defendants and third-party defendants, including Gigglesworld. (ECF No. 91.) On October 29, 2020, LG Chem settled this matter and its claims were dismissed. Although the stipulation of dismissal does not indicate that EC Supply, Inc.'s claims against Gigglesworld were dismissed, Gigglesworld maintains that it is no longer a Third-Party Defendant. (ECF No. 191.) Gigglesworld argues that Gigglesworld was only a party to the Third-Party action, which has now been dismissed and therefore can no longer be considered a Third-Party Defendant. Plaintiffs argue that EC Supply, Inc.'s crossclaim against Gigglesworld survives because it was not included in the stipulation of dismissal. Further, EC Supply was named as a direct defendant in the Amended Complaint and asserted a crossclaim against Gigglesworld in response. The Court agrees that the recent partial dismissal does not impact EC Supply, Inc.'s crossclaim against Gigglesworld.

Upon review of the parties' correspondence, the Court waives the pre-motion conference requirement and grants Plaintiffs' and Defendant EC Supply, Inc.'s requests to file their respective motions with the following briefing schedule: moving papers shall be served (**not filed**) on December 21, 2020; opposition papers shall be served (**not filed**) on January 25, 2021; reply papers shall be served on February 8, 2021. **All motion documents shall be filed on the reply date,**

**February 8, 2021.** The parties shall provide two copies of their respective motion documents as they are served. As long as the Court's Emergency Rules remain in effect, parties shall additionally provide copies via email.

Accordingly, Plaintiffs' motion to strike Defendant EC Supply, Inc.'s motion for summary judgment is GRANTED; Defendant EC Supply, Inc.'s motion for summary judgment is DENIED, without prejudice, pending re-filing; and Third-Party Defendant Gigglesworld's motion for a conference is DENIED. The Clerk of the Court is kindly directed to terminate the motions at ECF No. 182, 183, and 187.

Dated:  November 18, 2020
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



**MURPHY & LAMBIASE**
Attorneys at Law
(845) 291-7100

Donald J. Lambiase, Esq., PLLC
George A. Smith, Esq.*
_____

Richard J. Burke, Jr., Esq. Of Counsel
Richard Greenblatt, Esq., Of Counsel
John Tackach. Esq.
    Trial Counsel

*Also Admitted in New Jersey

**REPLY TO: Goshen Office**
26 Scotchtown Avenue
Goshen, New York 10924
(845) 291-7100
Fax: (845) 291-7171
e-mail: lawyers@mllawonline.com
www.mllawonline.com

Frederick J. Murphy, Retired 2006

**Satellite Office:**
10 Arlington Avenue
Poughkeepsie, NY 12603

November 12, 2020

Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapos Street
White Plains, New York 10601-4150

Re:   Holness v. LG
      7:17-cv-07726

Dear Judge Roman:

        We are in receipt of Plaintiff's further letter, dated November 16, 2020. Again, this office represented Gigglesworld, Inc., d/b/a Happy Habits, Inc., one of the former Third Party Defendants in this matter.

        Once again, it is respectfully set forth that this Court no longer maintains jurisdiction over Gigglesworld, because the only action to which it was a party is no longer extant.

        Hence, Gigglesworld objects to Plaintiff's request for a Conference, at least to the extent that such is contemplated to involve Gigglesworld.

Very truly yours,

Murphy & Lambiase

By
    George A. Smith

cc:    Alexander Drago, Esq.
       Marin Goodman
       500 Mamaroneck Avenue
       Harrison, New York 10528
       adrago@maringoodman.com

       James S. Wolford
       Gallo & Iacovangelo
       180 Canal View Boulevard
       Suite 100
       Rochester, New York 14623
       JamesWolford@GalloLaw.com



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
adrago@maringoodman.com

November 16, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarrapos Street
White Plains, NY 10601-4150

> **Re:** **Michael Holness, et al. v. LG Chem LTD, et al.**
> **Civil Action No.:      7:17-cv-07726**

Dear Judge Román:

As you are aware, I represent plaintiffs in the above matter. I write in reply to counsel for Gigglesworld's letter of today's date.

Plaintiffs filed an amended complaint against EC Supply. In its amended answer, EC Supply asserted claims for contribution and indemnification against Gigglesworld. Those claims by EC Supply against Gigglesworld have not been extinguished by stipulation or Court Order. If the only action against EC Supply was LG's third-party complaint against EC Supply, then perhaps claims against Gigglesworld would be affected. However, since plaintiff filed a direct action against EC Supply via an amended complaint and EC Supply asserted claims against Gigglesworld in its amended answer, Gigglesworld is still a party in this case via the claims asserted by EC Supply against Gigglesworld.

With regard to the claims of misrepresentations by Gigglesworld in the discovery process, counsel for Gigglesworld completely ignores the misrepresentations which were made in written discovery responses prior to any depositions being held. Apparently, counsel takes the position that outright misrepresentations made in written discovery are cured and should be forgiven if down the road truthful answers are provided. As was pointed out in my earlier correspondence, Gigglesworld had in its possession at the time it misrepresented its purchase history the very

Case 7:17-cv-07726-NSR-PED Document 192 Filed in NYSD on 11/16/2020 Page 2 of 2



November 16, 2020
Page 2 of 2

records showing purchases from EC Supply which were not exchanged until after the expiration of statute of limitations.

      Further, counsel for Gigglesworld must not have read that portion of my correspondence indicating the benefit to Gigglesworld for misrepresenting this information was its part in the false narrative that it never purchased and/or sold LG batteries.

      I respectfully request a conference with the Court so that all these issues may be discussed.

Respectfully Submitted,

Alexander J. Drago

AJD/jz

cc:     George A. Smith, Esq.
        Murphy & Lambiase
        26 Scotchtown Avenue
        Goshen, NY 10924
        (845)-291-7100 (Office)
        (845)-291-7171 (Fax)
        *GeorgeSmith@mllawonline.com*
        *Attorney for Third-Party Defendant*
        *GIGGLESWORLD CORPORATION*

        James S. Wolford, Esq.
        Gallo & Iacovangelo, LLP
        180 Canal View Blvd., Suite 100
        Rochester, NY 14623
        (585) 454-7145
        *JamesWolford@GalloLaw.com*
        *Attorneys for Defendant/Third-Party Defendant*
        *EC SUPPLY, INC.*

Case 7:17-cv-07726-NSR-PED Document 194 filed in NYSD on 11/16/2020 Page 1 of 3

**M&L MURPHY & LAMBIASE**
Attorneys at Law
(845) 291-7100

Donald J. Lambiase, Esq., PLLC
George A. Smith, Esq.*

———

Richard J. Burke, Jr., Esq. Of Counsel
Richard Greenblatt, Esq., Of Counsel
John Tackach, Esq.
  Trial Counsel

*Also Admitted in New Jersey

REPLY TO: *Goshen Office*
26 Scotchtown Avenue
Goshen, New York 10924
(845) 291-7100
Fax: (845) 291-7171
e-mail: lawyers@mllawonline.com
www.mllawonline.com

———

Frederick J. Murphy, Retired 2006

Satellite Office:
10 Arlington Avenue
Poughkeepsie, NY 12603

November 16, 2020

E-Filed

Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapos Street
White Plains, New York  10601-4150

Re:    Holness v. LG
       7:17-cv-07726

Dear Judge Roman:

We are in receipt of Plaintiff's various letters in this case and write to correct a series of misstatements and assumptions that simply do not have any basis in fact.

As this court know, Giggleworld, the party we represented, was only a party to a Third Party action, which was dismissed pursuant to a stipulation signed by all parties. LG also dismissed its Third Party action against EC supply. There is simply no Third Party action at this time. Plaintiff insists that my client somehow remains a Third Party Defendant. This is simply not possible, because there is no Third Party Plaintiff. It seems axomatic to say this, but there can be no Third Party Defendant without a Third Party Plaintiff. LG, which was the only Third Party Plaintiff, is no longer a party to the case in any capacity whatsoever, having settled the action of Plaintiff as against it. Once again, there is no Third Party Plaintiff. Without a Third Party Plaintiff there can be no remaining Third Party action. Giggleworld was only a party to the Third Party action. Which is no longer extant. As Plaintiff well knows (because he brought a separate state action against Giggleworld, which is still pending), Plaintiff cannot have any independent claim against Giggleworld because there is a lack of diversity between them. With all due respect, when the Stipulation discontinuing the Third Party action was filed with the Court, this Court was divested of jurisdiction over Giggleworld. There is no longer a case or controversy to which Giggleworld can be a party in this matter, because Plaintiff has no diversity as against Giggleworld. Even a cross or counterclaim would need a basis for federal jurisdiction in this court and there is not one here. A claim against my client by Plaintiff would require a basis for federal jurisdiction and there is none.

When the Third Party action were dismissed, the claims by and between the third party defendants died as a matter of law, because the third party action ceased to exist. There is no longer an action in which these claims can be asserted. And, in fact, it is clear that Gigglesworld is no longer a party to this case, because it can only be a Third Party Defendant and there is no Third Party action and no Third Party Plaintiff. If this is not the result that Plaintiff intended, he should not have signed the stipulation discontinued the Third Party claims. Simply put, there are no longer any claims between Gigglesworld and EC that continued to exist following the execution of the Stipulation. Furthermore, as of the writing of this letter, there is no party which is asserting a claim against Gigglesworld.

With the settlement of this action by LG and LG's discontinuance of the Third Party action, the only parties that remain are Plaintiffs and EC. The caption of this litigation now reads: Michael Holness and Janee Holness v. EC Supply. Those are the only claims remaining. There is no action in which EC is asserting a claim against Gigglesworld and, as set forth above, Plaintiffs cannot assert any claim against Gigglesworld in this jurisdiction. Accordingly, there simply could not be any viable motion made against Giggleworld at this time. Plaintiff, who never had a direct claim against Gigglesworld, even when it was part of this case, certainly cannot make any such motion.

We do not intend to take any position with regard to EC's potential Summary Judgment motion. But despite the fact that our client is no longer a party to any aspect of this case, we feel compelled to address Plaintiff's many misstatements and assertions. Plaintiff's counsel seems to enjoy engaging in conspiracy theories. Further, he makes many unfounded allegations, not the least of which being that it has somehow been proven that Gigglesworld sold Plaintiff the battery in question. This, in fact, has not been in any way proven. To be one hundred percent clear, Gigglesworld did not believe in the past and does not believe today that it sold the battery in question to the Plaintiff. Saying that a party sold LG batteries does not conclusively demonstrate that it sold the particular battery in question or even the type of battery involved in plaintiff's incident. There are many types of LG batteries. It has not at all been proven that Gigglesworld sold the battery in question to the plaintiff and to suggest otherwise is a misstatement of the facts.

Further, Plaintiff's attorney seems to make complaints about this own lack of diligence. There was no attempt made to mislead Plaintiff's counsel. Gigglesworld had no incentive to, nor any reason to, attempt to shield EC from liability. In fact, quite the opposite. It would have benefitted Gigglesworld to have EC remain as a party to the case. Mr. Serino testified about his state of knowledge and what he knew at the time he testified. His testimony would be no different today. To the extent that Mr. Drago complains about EBT dates, these are dates that he acquiesced to. These were not dates foisted upon him. These were dates that he picked. If he had concerns about the implications of these dates, he should have picked different dates. Frankly, he said nothing about these dates at the time. Again, even if Gigglesworld did buy some batteries from EC, that is not at all dispositive on this issue of whether the offending battery was sold by Gigglesworld. Plaintiff cannot prove that the battery in his possession at the time of the accident was either sold by EC to Gigglesworld, or by Gigglesworld to him. That is all speculation on his part. No one from Giggleworld was engaged in any effort to deceive anyone.

Plaintiff makes various complaints about the insurance adjuster prior to the institution of litigation. The insurance adjuster had no obligation to even speak to plaintiff, let alone try to assist him in his investigation. Yet, the insurance adjuster did so.

The only thing that prevented Plaintiff from naming EC during the statutes of limitations period was plaintiff's own failure to conduct his own investigation in a timely manner. He chose to pursue his case at the pace he chose to pursue his case.

Plaintiff talks about an inquest against Gigglesworld. Again, as Plaintiff already knows, he can have no claim in this jurisdiction against Giggleworld. Nor is there any longer any Third Party Answer to strike. His request is misplaced. At this point, I will refrain from comment on Plaintiff's own significant degree of contributory negligence in the causation of his own accident.

Again, there is a lack of diversity that renders the relief sought by plaintiff unavailable. It is respectfully submitted that this court does not have jurisdiction over Gigglesworld at this time.

Respectfully submitted,

Murphy & Lambiase

By _____
George A. Smith

cc:     Alexander Drago, Esq.
        Marin Goodman
        500 Mamaroneck Avenue
        Harrison, New York 10528
        adrago@maringoodman.com

        James S. Wolford
        Gallo & Iacovangelo
        180 Canal View Boulevard
        Suite 100
        Rochester, New York 14623
        JamesWolford@GalloLaw.com



**MURPHY & LAMBIASE**

Attorneys at Law

(845) 291-7100

Donald J. Lambiase, Esq., PLLC
George A. Smith, Esq.*

Richard J. Burke, Jr., Esq. Of Counsel
Richard Greenblatt, Esq., Of Counsel
John Tackach. Esq.
    Trial Counsel

*Also Admitted in New Jersey

REPLY TO: Goshen Office
26 Scotchtown Avenue
Goshen, New York 10924
(845) 291-7100
Fax: (845) 291-7171
e-mail: lawyers@mllawonline.com
www.mllawonline.com

Frederick J. Murphy, Retired 2006

Satellite Office:
10 Arlington Avenue
Poughkeepsie, NY 12603

November 12, 2020

Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapos Street
White Plains, New York  10601-4150

Re:     Holness v. LG
        7:17-cv-07726

Dear Judge Roman:

    We are in receipt of Plaintiff's further letter, dated November 11, 2020.  Again, this office represented Gigglesworld, Inc., d/b/a Happy Habits, Inc., one of the <u>former</u> Third Party Defendants in this matter.

    Plaintiff never had a direct claim against Gigglesworld in this matter.  Gigglesworld was brought into the case by LG as a Third Party Defendant.  EC Supply was also brought into the case by LG as a Third Party Defendant.

    When Plaintiff settled with LG, LG discontinued both third party claims pursuant to a stipulation which was signed by all parties, including plaintiff.  There is no longer a Third Party action in this case and Gigglesworld was only party to the Third Party action.

    Respectfully submitted,

    Murphy & Lambiase

    By:
        George A. Smith

    cc:     Alexander Drago, Esq.
            Marin Goodman
            500 Mamaroneck Avenue
            Harrison, New York 10528
            adrago@maringoodman.com

            James S. Wolford
            Gallo & Iacovangelo
            180 Canal View Boulevard
            Suite 100
            Rochester, New York 14623
            JamesWolford@GalloLaw.com



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
ADRAGO@MARINGOODMAN.COM

November 11, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarrapos Street
White Plains, NY 10601-4150

> **Re:** **Michael Holness, et al. v. LG Chem LTD, et al.**
> **Civil Action No.:** **7:17-cv-07726**

Dear Judge Román:

Please be advised I represent plaintiffs in the above matter. I write in reply to counsel for defendant Gigglesworld Corporation's letter of November 11, 2020 (Doc. No. 187). Although counsel's letter states he will be filing a more formal response to plaintiffs' request for a pre-motion conference for a motion against Gigglesworld, I felt compelled at the present time to address an absolute mischaracterization of the present state of the pleadings in this matter.

Counsel states in his letter that Gigglesworld Corporation is a former third-party defendant. That statement is not true. Gigglesworld is still a third-party defendant in this matter. There is no stipulation and/or order dismissing any of the claims by any of the presently existing parties against Gigglesworld.

On July 16, 2018, defendant LG Chem Ltd. filed a third-party complaint against Gigglesworld (Doc. No. 49). Thereafter, on July 7, 2019, defendant LG Chem Ltd. filed an amended third-party complaint adding EC Supply Inc. as a third-party defendant (Doc. No. 77).

On September 4, 2019, defendant EC Supply Inc. filed an answer to LG's amended third-party complaint. In that answer, EC Supply filed a cross-claim against all defendants and third-party defendants and a cross-claim against all defendants and third-party defendants for



November 11, 2020
Page 2 of 3

indemnification. Therefore, pursuant to the filing of that answer, there were viable claims by EC Supply against all the parties, and specifically Gigglesworld Corporation.

On September 4, 2019, defendant EC Supply Inc. filed an answer to plaintiff's amended complaint which named EC Supply as a direct defendant. In that answer, EC Supply repeated its cross-claim for contribution against every defendant in the action and a cross-claim for contribution against all defendants and third-party defendants (Doc. No. 90). Pursuant to this filing, EC Supply confirmed its various claims against Gigglesworld.

On September 11, 2019, Gigglesworld filed an answer to all cross-claims and counterclaims (Doc. No. 91). In that filing, Gigglesworld denied the allegations of the cross-claims and counterclaims brought by EC Supply against Gigglesworld. Therefore, by virtue of this filing, Gigglesworld was admitting that EC Supply had cross-claims and counterclaims against Gigglesworld.

As the Court is aware, plaintiff recently settled their action against LG Chem Ltd. and thereafter, a partial stipulation of dismissal was entered in this matter (Doc. No. 180). However, the partial stipulation of dismissal only involved all actions and claims brought by LG Chem against EC Supply and Gigglesworld and any claims by EC Supply and Gigglesworld against LG Chem. The stipulation had absolutely no effect on any of the claims brought by EC Supply against Gigglesworld or Gigglesworld against EC Supply Inc.

Therefore, the present state of the pleadings in this matter is that plaintiffs have a direct action against EC Supply Inc. and EC Supply Inc. has claims for indemnification and contribution against Gigglesworld and Gigglesworld has the same claims against EC Supply Inc. There has been no stipulation or order affecting any of these claims.

Based upon the foregoing, Gigglesworld's counsel's statement that Gigglesworld is a former third-party defendant is not accurate.

Respectfully Submitted,

Alexander J. Drago

AJD/jz
cc:     George A. Smith, Esq.
        Murphy & Lambiase
        26 Scotchtown Avenue
        Goshen, NY 10924



November 11, 2020
Page 3 of 3


      (845)-291-7100 (Office)
      (845)-291-7171 (Fax)
      *GeorgeSmith@mllawonline.com*
      *Attorney for Third-Party Defendant*
      *GIGGLESWORLD CORPORATION*

      James S. Wolford, Esq.
      Gallo & Iacovangelo, LLP
      180 Canal View Blvd., Suite 100
      Rochester, NY 14623
      (585) 454-7145
      *JamesWolford@GalloLaw.com*
      *Attorneys for Defendant/Third-Party Defendant*
      *EC SUPPLY, INC.*



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
ADRAGO@MARINGOODMAN.COM

November 11, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarrapos Street
White Plains, NY 10601-4150

**Re:    Michael Holness, et al. v. LG Chem LTD, et al.**
**Civil Action No.:    7:17-cv-07726**

Dear Judge Román:

Please be advised I represent plaintiffs in the above matter. I write in reply to counsel for defendant Gigglesworld Corporation's letter of November 11, 2020 (Doc. No. 187). Although counsel's letter states he will be filing a more formal response to plaintiffs' request for a pre-motion conference for a motion against Gigglesworld, I felt compelled at the present time to address an absolute mischaracterization of the present state of the pleadings in this matter.

Counsel states in his letter that Gigglesworld Corporation is a former third-party defendant. That statement is not true. Gigglesworld is still a third-party defendant in this matter. There is no stipulation and/or order dismissing any of the claims by any of the presently existing parties against Gigglesworld.

On July 16, 2018, defendant LG Chem Ltd. filed a third-party complaint against Gigglesworld (Doc. No. 49). Thereafter, on July 7, 2019, defendant LG Chem Ltd. filed an amended third-party complaint adding EC Supply Inc. as a third-party defendant (Doc. No. 77).

On September 4, 2019, defendant EC Supply Inc. filed an answer to LG's amended third-party complaint. In that answer, EC Supply filed a cross-claim against all defendants and third-party defendants and a cross-claim against all defendants and third-party defendants for



November 11, 2020
Page 2 of 3

indemnification. Therefore, pursuant to the filing of that answer, there were viable claims by EC Supply against all the parties, and specifically Gigglesworld Corporation.

On September 4, 2019, defendant EC Supply Inc. filed an answer to plaintiff's amended complaint which named EC Supply as a direct defendant. In that answer, EC Supply repeated its cross-claim for contribution against every defendant in the action and a cross-claim for contribution against all defendants and third-party defendants (Doc. No. 90). Pursuant to this filing, EC Supply confirmed its various claims against Gigglesworld.

On September 11, 2019, Gigglesworld filed an answer to all cross-claims and counterclaims (Doc. No. 91). In that filing, Gigglesworld denied the allegations of the cross-claims and counterclaims brought by EC Supply against Gigglesworld. Therefore, by virtue of this filing, Gigglesworld was admitting that EC Supply had cross-claims and counterclaims against Gigglesworld.

As the Court is aware, plaintiff recently settled their action against LG Chem Ltd. and thereafter, a partial stipulation of dismissal was entered in this matter (Doc. No. 180). However, the partial stipulation of dismissal only involved all actions and claims brought by LG Chem against EC Supply and Gigglesworld and any claims by EC Supply and Gigglesworld against LG Chem. The stipulation had absolutely no effect on any of the claims brought by EC Supply against Gigglesworld or Gigglesworld against EC Supply Inc.

Therefore, the present state of the pleadings in this matter is that plaintiffs have a direct action against EC Supply Inc. and EC Supply Inc. has claims for indemnification and contribution against Gigglesworld and Gigglesworld has the same claims against EC Supply Inc. There has been no stipulation or order affecting any of these claims.

Based upon the foregoing, Gigglesworld's counsel's statement that Gigglesworld is a former third-party defendant is not accurate.

Respectfully Submitted,

Alexander J. Drago

AJD/jz
cc:    George A. Smith, Esq.
       Murphy & Lambiase
       26 Scotchtown Avenue
       Goshen, NY 10924



November 11, 2020
Page 3 of 3


(845)-291-7100 (Office)
(845)-291-7171 (Fax)
*GeorgeSmith@mllawonline.com*
*Attorney for Third-Party Defendant*
*GIGGLESWORLD CORPORATION*

James S. Wolford, Esq.
Gallo & Iacovangelo, LLP
180 Canal View Blvd., Suite 100
Rochester, NY 14623
(585) 454-7145
*JamesWolford@GalloLaw.com*
*Attorneys for Defendant/Third-Party Defendant*
*EC SUPPLY, INC.*



**MURPHY & LAMBIASE**
Attorneys at Law
(845) 291-7100

Donald J. Lambiase, Esq., PLLC
George A. Smith, Esq.*

Richard J. Burke, Jr., Esq. Of Counsel
Richard Greenblatt, Esq., Of Counsel
John Tackach. Esq.
   Trial Counsel

*Also Admitted in New Jersey

**REPLY TO: Goshen Office**
**26 Scotchtown Avenue**
**Goshen, New York 10924**
**(845) 291-7100**
**Fax: (845) 291-7171**
e-mail: lawyers@mllawonline.com
www.mllawonline.com

Frederick J. Murphy, Retired 2006

**Satellite Office:**
**10 Arlington Avenue**
**Poughkeepsie, NY 12603**

November 11, 2020

Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarrapos Street
White Plains, New York 10601-4150

Re:    Holness v. LG
       7:17-cv-07726

Dear Judge Roman:

    This office represented Gigglesworld, Inc., d/b/a Happy Habits, Inc., one of the <u>former</u> Third Party Defendants in this matter. We are in receipt of Plaintiff's letter. We shall submit a complete response to same no later than the end of business on November 16, 2020, if such is acceptable to the Court.

Respectfully submitted,

Murphy & Lambiase

By
    George A. Smith

cc:    Alexander Drago, Esq.
      Marin Goodman
      500 Mamaroneck Avenue
      Harrison, New York 10528
      adrago@maringoodman.com

      James S. Wolford
      Gallo & Iacovangelo
      180 Canal View Boulevard
      Suite 100
      Rochester, New York 14623
      JamesWolford@GalloLaw.com



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
adrago@maringoodman.com

November 10, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarrapos Street
White Plains, NY 10601-4150

>     **Re:    Michael Holness, et al. v. LG Chem LTD, et al.**
>             **Civil Action No.:     7:17-cv-07726**

Dear Judge Román:

Please be advised I represent plaintiffs in the above matter. I write in response to counsel for EC Supply Inc.'s letter requesting a pre-motion conference in this matter. First, although plaintiffs are addressing the issues raised in counsel's letter, plaintiffs are not withdrawing their request that the motion for summary judgment be stricken since it was filed without the benefit of a pre-motion conference.

Plaintiffs believe they have viable opposition to the summary judgment motion on the grounds of relation back and substitution of defendants based upon a mistake concerning a party's identity and other relief available under FRCP Rule 15.

Second, if the Court does grant EC Supply's request to file a motion for summary judgment on the grounds of statute of limitations, plaintiffs request permission to file a motion pursuant to Rule 11 and Rule 37, for sanctions and other appropriate relief, entering judgment against third-party defendant Gigglesworld Inc. d/b/a Happy Habits Inc. and setting the matter down for an inquest against said third-party defendant on the grounds that Gigglesworld either negligently or intentionally withheld the identity of EC Supply in various discovery responses and in deposition. This conduct prevented the plaintiffs from adding EC Supply as a direct defendant until after the expiration of the statute of limitations. At first blush, one would wonder what was the benefit to



Gigglesworld of hiding the identity of EC Supply. Plaintiffs submit the deceit went along with the false narrative by Gigglesworld that it did not sell these batteries, which has been disproved.

Prior to suit being filed in this matter, my office sought to identify from whom Gigglesworld purchased its inventory of LG batteries. I contacted the claims adjuster for Gigglesworld to seek information from the insured about the purchase history. The first response from the claims adjuster advised that the insured denied selling these types of batteries (later in discovery, Gigglesworld admitted it sold LG batteries).

Thereafter the claims adjuster advised that the insured would review its records to see from whom they purchased LG batteries.

Later on, the claims adjuster again reiterated that the insured was still adamant that the batteries were not sold by Gigglesworld, but if they did purchase them, it was from an entity known as VapeWorld, an entity owned by defendant RRV Enterprises. Based upon later information, it was determined that RRV Enterprises had no involvement.

After suit was commenced, Gigglesworld continued to misrepresent from whom it purchased the batteries. In interrogatories answers, Gigglesworld stated it did not purchase any LG batteries for two years prior to plaintiff's incident. Thereafter, on March 14, 2019, during the deposition of Timothy Serino, president of Gigglesworld, he specifically denied knowing from which distributor Gigglesworld had purchased LG batteries.

Finally, on June 6, 2019, (after the expiration of statute of limitations) at the deposition of Angela Bernardo, an employee of Gigglesworld, she admitted LG batteries were purchased from EC Supply Inc. Thereafter, counsel for Gigglesworld served all parties with the relevant purchase records from 2015 and 2016 which disclose EC Supply's identity and prove Gigglesworld misled the parties about its battery purchases.

Gigglesworld repeatedly misrepresented the identity of the supplier of the batteries which prevented plaintiffs from naming EC Supply during the statute of limitations. Such conduct has prevented the plaintiffs from a viable recovery against EC Supply, a sophisticated seller in the stream of commerce of these batteries. Plaintiffs have an expert who opines the batteries have an inherent defect that can cause them to burn/explode and under strict liability, every company in the chain is liable even absent notice. Such conduct deserves a severe punishment and it is on that basis that plaintiffs seek permission to file a motion against Gigglesworld.

Since this misrepresentation rises to the level of a spoliation claim, plaintiffs request they be entitled to discovery from Gigglesworld (before plaintiffs file a motion on the issue) regarding how it conducted the search for the relevant purchase documents to enable plaintiff to utilize that discovery in its motion against Gigglesworld. At the time that discovery was obtained from



November 10, 2020
Page 3 of 3

Gigglesworld, the spoliation and sanction issue was not in the fore, but it is now highly relevant based upon EC Supply seeking to be dismissed under statute of limitations.

This type of conduct by Gigglesworld should not be countenanced and it should be made to pay a penalty and price for discovery responses and conduct contrary to the intent and spirit of the Federal Rules. Moreover, it should not be shielded from judgment based upon lack of diversity. The District Courts have wide latitude in fashioning a remedy/sanction. By engaging in this sordid conduct, the diversity issue should not trump punishment.

I await your direction and guidance.

Respectfully Submitted,

Alexander J. Drago

AJD/jz
cc: George A. Smith, Esq.
  Murphy & Lambiase
  26 Scotchtown Avenue
  Goshen, NY 10924
  (845)-291-7100 (Office)
  (845)-291-7171 (Fax)
  *GeorgeSmith@mllawonline.com*
  *Attorney for Third-Party Defendant*
  *GIGGLESWORLD CORPORATION*

  James S. Wolford, Esq.
  Gallo & Iacovangelo, LLP
  180 Canal View Blvd., Suite 100
  Rochester, NY 14623
  (585) 454-7145
  *JamesWolford@GalloLaw.com*
  *Attorneys for Defendant/Third-Party Defendant*
  *EC SUPPLY, INC.*



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
ADRAGO@MARINGOODMAN.COM

November 9, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

> **Re:** **Michael Holness, et al. v. LG Chem LTD, et al.**
> **Civil Action No.:** **7:17-cv-07726**

Dear Judge Román:

Please be advised I represent plaintiffs in the above matter. I wish to alert the Court that plaintiffs will file their letter in response to EC Supply Inc.'s request for a pre-motion conference by the close of business tomorrow, November 10, 2020.

I appreciate the Court's attention and indulgence in this matter.

Respectfully Submitted,

Alexander J. Drago

AJD/jz
cc:    George A. Smith, Esq.
       Murphy & Lambiase
       26 Scotchtown Avenue
       Goshen, NY 10924
       (845)-291-7100 (Office)



November 9, 2020
Page 2 of 2

(845)-291-7171 (Fax)
*GeorgeSmith@mllawonline.com*
*Attorney for Third-Party Defendant*
*GIGGLESWORLD CORPORATION*

James S. Wolford, Esq.
Gallo & Iacovangelo, LLP
180 Canal View Blvd., Suite 100
Rochester, NY 14623
(585) 454-7145
*JamesWolford@GalloLaw.com*
*Attorneys for Defendant/Third-Party Defendant*
*EC SUPPLY, INC.*



# GALLO &amp; IACOVANGELO LLP
### ATTORNEYS AT LAW

ELENA F. CARIOLA
CAITLIN C. CARRIGG
MARK S. HOLLENBECK
KEVIN C. HOYT
ANTHONY B. IACOVANGELO
FRANK B. IACOVANGELO *
TRISHA L. KIRSCH
EUGENE M. O'CONNOR
JOHN C. PALERMO

*PUBLIC ADMINISTRATOR
 MONROE COUNTY

SUITE 100
180 CANAL VIEW BLVD.
ROCHESTER, NEW YORK 14623

TELEPHONE (585) 454-7145
FAX (585) 454-2476

Email: info@gallolaw.com
Web Page: http://www.GalloLaw.com

PAUL V. PETROSINO
MICHAEL J. RINGROSE
SEEMA ALI RIZZO
DAVID D. SPOTO
MINDY A. ST. JOHN
SANDRA G. WILMOT
JAMES S. WOLFORD
EDWARD A. WURTZ
GERALD J. VASILE

LOUIS J. GALLO
1919 - 2015

November 5, 2020

**(Via Facsimile 914-390-4179)**
Honorable Nelson S. Román
United States District Court Judge
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    Holness v. LG Chem Ltd., RRV Enterprises, LLC and EC Supply Inc.
              Civ. No. 7:17-cv-7726(NSR)(PED)

Dear Judge Román:

My firm represents Defendant EC Supply in the above-captioned matter and hereby requests a pre-motion conference to discuss EC Supply's Rule 56 motion based upon Plaintiff's complaint being untimely.

EC Supply filed the proposed summary judgment motion on today's date, (Docket No. 182) and reviewed Plaintiff's correspondence to strike (Docket No. 83). EC Supply has no objection to striking the pending motion without prejudice to re-file after a pre-motion conference. Counsel did previously advise Magistrate Paul Davison regarding the intent to file the summary judgment motion in order to move the matter along because it has been pending for over three years.

## EC Supply's Proposed Rule 56 Motion

Plaintiffs Michael and Janee Holness cannot carry their burden of establishing that this Court should not dismiss the complaint against EC Supply. New York's applicable statute of limitations period applies to all of Plaintiffs' causes of action against EC Supply because Plaintiffs are both residents and citizens of New York, and this Court sits in New York. Therefore, New York's three year limitations period of for negligence, failure to warn, breach of express and implied warranty, products liability, strict liability, and Mrs. Holness's loss of consortium claim, warrants dismissal of Plaintiffs' amended complaint against EC Supply with prejudice.

Mr. Holness alleges he was injured when two lithium-ion batteries sold to him by Defendant Gigglesworld Corporation d/b/a Happy Habits Vape and Smoke Shop (hereinafter "Gigglesworld") exploded in his pocket. Plaintiffs claim that Gigglesworld purchased the batteries from EC Supply. For purposes of this motion only, EC Supply will not dispute this fact.

November 5, 2020
Page 2

      Nevertheless, there is no doubt that EC Supply was first brought into this lawsuit on July 17, 2019, over three years after Mr. Holness was injured on May 16, 2016 (Dkt. No. 77). Thereafter, and prior to answering, EC Supply was served with Plaintiff's amended complaint on August 27, 2019 (Dkt. No. 85). In the Complaint, Mr. Holness alleges causes of action against EC Supply sounding in negligence, breach of express and implied warranty, failure to warn, products liability and strict liability. (Dkt. No. 85, ¶¶ 114-158). Mrs. Holness also maintains a loss of consortium cause of action. Pursuant to CPLR §214, any action against EC Supply needed to be commenced by May 16, 2019.

## Conclusion

      For the reasons stated herein, all the causes of action in the Complaint with respect to EC Supply should be dismissed with prejudice. EC Supply hereby requests a pre-motion conference, or in the alternative permission to file the Rule 56 motion.

Very truly yours,

James S. Wolford
Direct Dial: (585) 340-4205
Email: JamesWolford@Gallolaw.com

cc:    Alexander J Drago (via email only: adrago@maringoodman.com)
       George A. Smith (via email only: georgesmith@mllawonline.com)
       Troy Patrick Cunningham (via email only: Troy.Cunningham@lewisbrisbois.com)



**MARIN GOODMAN, LLP**
500 MAMARONECK AVENUE
SUITE 102
HARRISON, NEW YORK 10528
TEL (212) 661-1151
FAX (212) 661-1141

ALEXANDER J. DRAGO
*OF COUNSEL*
ADRAGO@MARINGOODMAN.COM

November 5, 2020

*Via ECF*
Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarrapos Street
White Plains, NY 10601-4150

Re:     **Michael Holness, et al. v. LG Chem LTD, et al.**
          **Civil Action No.:      7:17-cv-07726**

Dear Judge Román:

Please be advised I represent plaintiffs in the above matter. I write to object to the motion for summary judgment filed today by defendant EC supply.

First, EC Supply never requested a pre-motion conference which is a clear requirement under your individual practice rules. If counsel for EC Supply had adhered to your individual practice rules, I would have had the opportunity to object to the filing of the motion. In addition, if such a conference was held, I also would have sought permission to file a motion against a third-party defendant Gigglesworld d/b/a Happy Habits Inc., to strike its answer and for sanctions for various misrepresentations made during the discovery process which impact the motion improperly filed by EC Supply Inc.

Counsel for EC Supply Inc. should be well aware of your individual rules as a member of this Court. Moreover, during the last conference call that the parties had with Magistrate Paul Davison, Mr. Wolford, counsel for EC Supply, advised the Court that EC Supply might possibly file a motion for summary judgment and the Magistrate advised Mr. Wolford that is something that we would discuss at the next conference, which is now scheduled for November 9, 2020.

I respectfully request that the filed motion for summary judgment be stricken from the docket.



November 5, 2020
Page 2 of 2

Respectfully Submitted,

Alexander J. Drago

AJD/jz

cc:    George A. Smith, Esq.
       Murphy & Lambiase
       26 Scotchtown Avenue
       Goshen, NY 10924
       (845)-291-7100 (Office)
       (845)-291-7171 (Fax)
       *GeorgeSmith@mllawonline.com*
       *Attorney for Third-Party Defendant*
       *GIGGLESWORLD CORPORATION*

       James S. Wolford, Esq.
       Gallo & Iacovangelo, LLP
       180 Canal View Blvd., Suite 100
       Rochester, NY 14623
       (585) 454-7145
       *JamesWolford@GalloLaw.com*
       *Attorneys for Defendant/Third-Party Defendant*
       *EC SUPPLY, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————

MICHAEL HOLNESS and JANEE HOLNESS,

                              Plaintiffs,

                - vs -

LG CHEM LTD., and RRV ENTERPRISES, LLC,

                             Defendants.

—————————————————————————

LG CHEM LTD.,

                        Third-Party Plaintiff,

                - vs -

GIGGLESWORLD CORPORATION, D/B/A HAPPY
HABITS VAPE AND SMOKE SHOP and EC SUPPLY, INC.

                      Third-Party Defendants.

—————————————————————————

**EC SUPPLY INC.'S NOTICE OF
MOTION FOR SUMMARY
JUDGMENT**

Civ. No.: 17:17-cv-7726(NSR)(PED)

     **PLEASE TAKE NOTICE**, that upon the Statement of Material Facts, pursuant to Local Rule 56.1, the Declaration of James S. Wolford, dated November 4, 2020, with exhibits, and the accompanying Memorandum of Law, Defendant EC Supply Inc. (hereinafter "EC Supply") will move this Court, before the Honorable Nelson S. Roman, United States District Judge, in Courtroom 218 of the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150, for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Plaintiffs' complaint, specifically causes of action eleven through and including sixteen, on Statute of Limitations grounds.

Dated: Rochester, NY
   November 4, 2020       Respectfully submitted,

             **GALLO & IACOVANGELO, LLP**


             /s/ James S. Wolford, Esq.
             James S. Wolford, Esq.
             Attorneys for Defendant EC Supply, Inc.
             180 Canal View Blvd., Suite 100
             Rochester, NY 14623
             Telephone:  (585) 454-7145
             E-Mail: JamesWolford@GalloLaw.com


TO:    Alexander J Drago, Esq.
     *Attorney for Plaintiff*
     Marin Goodman LLP
     500 Mamaroneck Ave, Suite 501
     Harrison, NY 10528

CC:    Troy Cunningham, Esq.
     *Attorney for Defendant LG Chem Ltd.*
     Lewis Brisbois Bisgaard & Smith LLP
     77 Water Street
     21st Floor
     New York, NY 10005

     RRV Enterprises LLC
     *Pro Se Defendant*
     2121 S. Portland Avenue
     Oklahoma City, OK 73108

     George A. Smith, Esq.
     *Attorney for Gigglesworld Corporation d/b/a*
     *Happy Habits Vape and Smoke Shop*
     Murphy & Lambiase
     1997 State Route 17m
     Goshen, NY 10924